IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTIN JONASSEN, #11817-027, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:20-cv-00238-SMY |
| WILLIAM TRUE, DONALD BOYCE, JEFF SESSIONS, and MARK INCH, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Martin Jonassen, an inmate in the custody of the Federal Bureau of Prisons (BOP) currently incarcerated at the United States Penitentiary in Marion, Illinois (USP-Marion), filed a Complaint in the Circuit Court for the First Judicial Circuit, Williamson County, Illinois, alleging violations of his Eighth Amendment rights. Defendant True removed the case to this Court pursuant to 28 U.S.C. § 1331, which provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution … of the United States" and 28 U.S.C. § 1441(a), which provides "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendants…." This case is before the Court for case management.[1]

Jonassen was sanctioned by the Seventh Circuit and barred from filing civil suits in the courts of this circuit until he pays a $500 fine. the Court's Order provides in relevant part:

---

[1] The Motion to Substitute D. Sproul for William True pursuant to Federal Rule of Civil Procedure 25(d) (Doc. 5) is **GRANTED**. The Clerk of Court is **DIRECTED** to **SUBSTITUTE** D. Sproul for William True.

> Until he pays that sum in full to the clerk of this court, he is barred from filing further civil suits in the courts of this circuit in accordance with *Support Sys. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995), and any papers he submits will be returned unfiled. Moreover, any papers he submits attacking his current criminal conviction, including future collateral attacks, will also be returned unfiled.

*See United States v. Martin Jonassen*, App. Nos. 15-3831-, 16-1040, 16-1092, 16-1214 (7th Cir. June 2, 2016) (emphasis added). The filing restriction remains in effect.[2]

Removal by Defendant True was proper. Jonassen's filing restriction did not abrogate the right of Defendants to remove the lawsuit from state to federal court. *See, e.g., In re Matter of Skupniewitz*, 73 F.3d 702, 705 (7th Cir. 1996) (sanction against plaintiff that prohibited filing complaints or motions did not prevent defendants from removing the action to federal court pursuant to 28 U.S.C. §§ 1441 and 1442). However, Jonassen cannot dodge the filing restriction by filing an action in state court and waiting for the defendant to remove it. This is a common tactic by restricted filers; undeterred by a filing restriction imposed in one federal judicial district, they simply file lawsuits in other federal judicial districts. *See, e.g., Tidwell v. Cunningham*, Case No. 18-cv-1448-SMY (S.D. Ill.) (Doc. 9) (dismissing case transferred from Northern District of Texas as fourth unlawful attempt to circumvent filing restriction and imposing additional monetary sanctions against litigant).

The fact that Plaintiff did not "file" this suit in federal court is a "distinction without a difference [that] skirts the clear ban on new civil actions by Jonassen…." *Oden*, 2019 WL 4750570

---

[2] Jonassen was a plaintiff in an identical lawsuit in this Court that was dismissed on September 30, 2019 pursuant to a sanction and the filing ban imposed by the Seventh Circuit. *See Oden v. True*, 18-cv-600-GCS, Doc. 237 (S.D. Ill. Sept. 30, 2019). Thereafter, he initiated this action in state court by filing the SDIL file-stamped Complaint in *Oden*, with handwritten edits marking through the SDIL caption and case number. (Docs. 1, 3-1).

at *1.  By filing the instant case, Jonassen attempts to circumvent the filing restriction and dodge his filing fee obligations in federal court.  This Court will not allow him to proceed in this manner.

### Disposition

This case is **DISMISSED**.  All pending motions are **DISMISSED** as **MOOT**. The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case.

Plaintiff is **REMINDED** that as long as the filing restriction imposed in *United States v. Martin Jonassen*, App. Nos. 15-3831-, 16-1040, 16-1092, 16-1214 (7th Cir. June 2, 2016) remains in effect, the Clerk of Court will return unfiled any papers submitted to this Court in violation of the restriction.  Further, Plaintiff is **WARNED** that he will be subject to increasingly harsh sanctions, including but not limited to monetary fines, for further attempts to avoid the filing ban.

**IT IS SO ORDERED.**

**DATED:  October 22, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**